# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
## CHARLESTON DIVISION

| | |
|---|---|
| Eric Andrew Rieb, ) | Civil Action No. 1:15-2933-RMG |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Bradford A. Rawlinson, *Esq.*; Warden ) | |
| Robert M. Stevenson III, *Warden of* ) | |
| *Broad River Corr. Inst.*; Lt. John Rivera, ) | |
| *Lieutenant Supervisor of Broad River* ) | |
| *Contraband Control and Broad River* ) | |
| *Property Control*; Ofr. Mike Goloch; ) | |
| *and* Sgt. Beverly Bracy, *in their* ) | |
| *individual and official capacities*, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This Matter comes before the Court on the Report and Recommendation of the Magistrate Judge recommending that this Court dismiss this action for want of prosecution. The next day, Plaintiff filed several motions seeking extensions of time and discovery. As explained herein, the Court denies Plaintiff's motions, adopts the Report and Recommendation and dismisses this action with prejudice.

## I.   Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate judge with

-1-

instructions." *Id.* Where the plaintiff fails to file any specific objections, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation," *see Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted), and this Court is not required to give any explanation for adopting the recommendation of the Magistrate Judge, *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983).

## II.  Analysis

Plaintiff is currently serving a forty-year sentence of imprisonment at the Ridgeland Correctional Institution following convictions for murder, mayhem, and petit larceny. *State v. Rieb*, No. 2005-UP-222, 2005 WL 7083863, at *2 (S.C. Ct. App. Mar. 29, 2005). On July 27, 2015, Plaintiff filed a *pro se* complaint seeking relief pursuant to 28 U.S.C. § 1983 for alleged confiscation of legal materials from his possession when he was formerly imprisoned at the Broad River Correctional Institution. The Defendants filed a motion for judgment on the pleadings on October 16, 2015. Plaintiff never responded despite admonitions from the Magistrate Judge and extensions of the time for response from November 2 to December 17, and again from December 17 to January 6, 2016. (Dkt. Nos. 21 & 23)

On January 11, 2016, the Magistrate Judge recommended that the action be dismissed with prejudice for failure to prosecute (Dkt. No. 25). The next day, Plaintiff mailed four motions from the Ridgeland Correctional Institution, backdated to December 17, 2015 (the due date for a response set in the *Roseboro* order (Dkt. No. 21): a motion for an extension of time to file a response to Defendants' motion for judgment on the pleadings (Dkt. No. 29), a motion for an extension of time to complete discovery (Dkt. No. 30), a motion for issuance of a subpoena (Dkt. No. 28), and a motion seeking a photocopy of the South Carolina Department of Corrections Inmate Disciplinary Policy (Dkt. No. 27) (all docketed on January 15, 2015).

Plaintiff seeks a sixty-day extension of time to respond to Defendants' motion for judgment on the pleadings. Construed to run from the December 17, 2015 deadline in the *Roseboro* order (rather than the January 6, 2016 deadline later set by the Magistrate Judge), this would give Plaintiff until February 16, 2016 to respond to a motion filed by Defendants on October 16, 2016. Plaintiff claims such an extension is warranted because his efforts to respond are hobbled by a lack of access to writing paper, the need to handwrite each document in triplicate because he lacks access to a photocopier, the need to write out relevant case law for the same reason, and difficulty accessing the computer in the prison law library due to demand. Those reasons are, at first glance, good cause for an extension.

However, the Court looks upon Plaintiff's claims with many grains of salt. It is highly suspicious that four documents dated on December 17—the *Roseboro*-order due date for a response—were mailed from the prison on January 12—the day after the Magistrate Judge recommended dismissal for want of prosecution. And this Plaintiff is no litigation neophyte. *See, e.g., Rieb v. Stevenson*, No. 1:11-cv-425-RMG-SVH, 2012 WL 5194229, (D.S.C. Oct. 19, 2012) *report and recommendation adopted*, No. 1:11-cv-425-RMG, 2012 WL 5503622 (D.S.C. Nov. 13, 2012); *Rieb v. Stevenson*, No. 1:11-cv-425-RMG-SVH, 2011 WL 4544042 (D.S.C. Sept. 7, 2011) *report and recommendation adopted*, No. 1:11-cv-425-RMG, 2011 WL 4544018 (D.S.C. Sept. 30, 2011); *Rieb v. Stevenson*, No. 1:09-cv-2642-PMD, 2010 WL 3893759 (D.S.C. Aug. 4, 2010) *report and recommendation adopted sub nom. Rieb v. Steveneson*, No. 1:09-cv-5642-RMG, 2010 WL 3855194 (D.S.C. Sept. 29, 2010).

Moreover, the other motions that Plaintiff filed with his motion for an extension of time reveal that the true purpose of this action is not to remedy unlawful conduct by prison officials but rather to attack Plaintiff's criminal conviction. Plaintiff's motion for a subpoena seeks testimony

from an "Emil Blake Josephs," which Plaintiff claims will show "that the criminal conviction was fundamentally unfair and was founded upon egregious due process errors and the incompetence of the criminal defense lawyer . . . ." Blake Josephs was a witness from Plaintiff's criminal trial. *Rieb*, 2005 WL 7083863, at *1. Similarly, Plaintiff seeks additional time for discovery of "evidence proving the unfairness of the conviction" because Plaintiff "ultimately seeks the District Court to grant his Federal writ of habeas corpus as relief in this 42 U.S.C. § 1983 [action]." These motions are not germane to the instant § 1983 action regarding confiscation of legal materials from Plaintiff's possession by prison officials. Moreover, § 1983 actions cannot be used for collateral challenges to convictions or sentences entered by state courts. *Heck v. Humphrey*, 512 U.S. 477, 487 (1994); *Preiser v. Rodriguez*, 411 U.S. 475, 488–90 (1973).

Finally, Plaintiff moves the Court to compel the South Carolina Department of Corrections to provide Plaintiff a photocopy of the "Inmate Disciplinary Policy." It appears that Plaintiff means a photocopy of South Carolina Department of Corrections Policy/Procedure OP-22.14 *Inmate Disciplinary System*. The purpose of his motion does not appear to be access to the policy, because Plaintiff appears to have access to it. (*See, e.g.*, Dkt. No. 1 ¶¶ 17–23 (describing details of the disciplinary policy).) Instead, Plaintiff's motion appears motivated by two other concerns. First, Plaintiff seems to believe that the version of that policy in place when his cause of action allegedly arose has been superseded by a new version. However, the current version of OP-22.14 has been in place since July 1, 2012: Plaintiff alleges that his materials were seized on July 17, 2013 (Dkt. No. 1 ¶ 13). Second, it appears that Plaintiff wishes to enter this policy into the record. (Dkt. No. 27 (seeking a copy for Plaintiff with the "original" provided to the Court because the "entry of this information into the record of this lawsuit" would allow Plaintiff to "quote it, cite it, and/or otherwise include it and/or portions thereof in arguments and papers as this litigation moves

-4-

forward.").) Entry of the policy into the record is unnecessary at this time as the policy is subject to judicial notice. *See* Fed. R. Evid. 201.

For the foregoing reasons, the Court **DENIES** Plaintiff's Motion for an Extension of Time to File a Response as to Defendant's Motion for Judgment on the Pleadings (Dkt. No. 29), **DENIES** Plaintiff's Motion for Issuance of Subpoena (Dkt. No. 28), **DENIES** Plaintiff's Motion for an Extension of Time to Conduct Discovery (Dkt. No. 30), and **DENIES** Plaintiff's Motion for Photocopying Policy (Dkt. No. 27). Having reviewed the record, the Magistrate Judge's Report and Recommendation, and the relevant case law, this Court adopts the Magistrate Judge's Report and Recommendation as the Order of this Court and **DISMISSES WITH PREJUDICE** the Complaint (Dkt. No. 1.).

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

January 21, 2016
Charleston, South Carolina