IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Eric Andrew Rieb, ) | Civil Action No. 1:15-2933-RMG |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Bradford A. Rawlinson, *Esq.*; Warden ) | |
| Robert M. Stevenson III, *Warden of* ) | |
| *Broad River Corr. Inst.*; Lt. John Rivera, ) | |
| *Lieutenant Supervisor of Broad River* ) | |
| *Contraband Control and Broad River* ) | |
| *Property Control*; Ofr. Mike Goloch; ) | |
| *and* Sgt. Beverly Bracy, *in their* ) | |
| *individual and official capacities*, ) | |
| ) | |
| Defendants. ) | |

This matter is before the Court on Plaintiff's motion for an open-ended extension of time (Dkt. No. 35) in which to file objections to a Report and Recommendation (Dkt. No. 25) that the Court has already adopted (Dkt. No. 31.) The Magistrate Judge recommended dismissal of Plaintiff's claims for want of prosecution, because Plaintiff failed to file a response to Respondents' motion for summary judgment despite several extensions of the deadline (Dkt. Nos. 21 & 23). The day after the Magistrate Judge filed the Report and Recommendation, Plaintiff filed motions seeking, *inter multa alia*, an extension of time to oppose summary judgment, because of an alleged lack of access to a photocopier and to writing paper (Dkt. Nos. 27, 28, 29, 30). Those motions were mailed the day after the Magistrate Judge recommended dismissal, but were dated December 17—the due date for Plaintiff's response to the summary judgment motion. Plaintiff's motions also revealed that the true purpose of his action was not to remedy unlawful conduct by prison officials but rather to attack his criminal conviction: Plaintiff "ultimately seeks the District

-1-

Court to grant his Federal writ of habeas corpus as relief in this 42 U.S.C. § 1983" action. The Court therefore adopted the Report and Recommendation and dismissed the action with prejudice.

Plaintiff now claims he failed to object to the Report and Recommendation because he was hospitalized. Plaintiff gives no details as to the cause or the dates of his hospitalization. Again, Plaintiff dates his motion just within a deadline but actually mails it several days later. He now asks for an open-ended extension of time of "unrequested length" without even asserting an intention to file anything on the merits by any date certain. Nothing in Plaintiff's motion suggests any cause for setting aside judgment in this case. Accordingly, the Court denies the motion.

The Court will not consider further requests for extensions of time in this matter. Plaintiff may file a motion to reconsider by mailing it to the Court no later than February 18, 2016 (the 28 days allowed by Rule 59 of the Federal Rules of Civil Procedure, with the benefit of *Houston v. Lack*, 486 U.S. 266 (1988)). Any motion mailed after that date will be construed under Rule 60(b) of the Federal Rules of Civil Procedure, regardless of whatever date Plaintiff writes on the motion itself.

For the foregoing reasons, Plaintiff's motion for an extension of time is **DENIED**.

**AND IT IS SO ORDERED.**

_____
Richard Mark Gergel
United States District Court Judge

February 9, 2016
Charleston, South Carolina